**Andrew L. ROLAND et al., Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

No. 22920.

United States Court of Appeals Fifth Circuit.

Dec. 28, 1966.

Rehearing Denied Feb. 10, 1967.

Robert L. Templeton, Clayton, Kolander, Moser & Templeton, Amarillo, Tex., for appellants.

Albert Smith, Lubbock, Tex., for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

THORNBERRY, Circuit Judge.

On July 4, 1963, a car carrying appellant Roland and his family was involved in an accident with two other cars near Canyon, Texas. One of the other cars was owned by John H. Murray and was being driven at the time of the accident by Richard G. Jones, a member of the United States Air Force. Sitting in the front seat with Jones was Charlotte Wells (who later became Mrs. Richard Jones). Murray had given Charlotte permission to use the car for the summer.

As a result of the collision, appellant Roland and his minor daughter, Wanda, suffered injuries, and his wife, Bobbie, was fatally injured. Roland brought suit in a Texas court against Jones, Charlotte, and the driver of the third vehicle. Jones requested Allstate Insurance Company, Murray's liability insurer, to represent him in the state court action.

Subsequently, Allstate brought this declaratory judgment action under the Declaratory Judgment Act [1] and Rule 57, Fed.R.Civ.P., 28 U.S.C., for the purpose of establishing that Murray's policy obligated it in no way with regard to the accident in question. Allstate's position was based upon two provisions of the policy—a "Military Personnel Restrictive Endorsement" and the policy omnibus clause.

---

[1]. 28 U.S.C. §§ 2201, 2202.

The district court granted a motion by Allstate for summary judgment, concluding that the military endorsement "defeats any liability of the plaintiff to the defendants * * *."[2] For the reasons discussed below, we REVERSE.

## I.

 Allstate contends that appellant Roland has no standing to appeal from the ruling of the district court that Charlotte Wells Jones was not covered by Murray's insurance policy with respect to the accident here involved. Such a contention deserves little more than passing mention. The record shows that on December 4, 1963, Roland's state suit resulted in a finding that Richard Jones and Charlotte Wells were jointly and severally liable to Roland in the amount of $50,000. It is settled law that an injured party who acquires a judgment against a tort-feasor may sue the tort-feasor's insurer directly to enforce the judgment up to the limits of the policy. See Seguros Tepeyac, S.A. v. Bostrom, 5th Cir. 1965, 347 F.2d 168, 172; Womack v. Allstate Ins. Co., 1956, 156 Tex. 467, 296 S.W.2d 233; Klein v. Century Lloyds, 1955, 154 Tex. 160, 275 S.W.2d 95. Surely, if an injured party can seek enforcement of a judgment directly against the insurer, he can appeal from a verdict

holding the insurer free from liability in a declaratory judgment action brought by the insurer.

## II.

 The Military Personnel Restrictive Endorsement contained in Murray's insurance policy reads:[3]

1. In consideration of the premium at which this policy is written, it is agreed that no insurance is afforded under this policy to any member of the Armed Forces of the United States, other than the individual named below and the named insured.

It is undisputed that Richard Jones was driving Murray's car at the time of the accident and that Jones was a member of the armed forces. The district court felt that these facts compelled a finding as a matter of law that no coverage was available under the policy. With this conclusion we cannot agree. It is clear, and admitted by appellant, that Richard Jones is not afforded protection under the policy. Appellant contends, however, that the military endorsement does not affect any possible coverage due Charlotte under the policy. The plain language of the provision supports this argument. It states that no member of the military, other than the named insured, is covered. It does not say that, when the car is

---

2. Portions of the district court's judgment, entered May 3, 1965, read:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that automobile insurance policy No. 16 065 126 issued by Allstate Insurance Company to John Henry Murray did not cover and afforded no protection or coverage to Richard George Jones, Charlotte Wells Jones, or John Henry Murray, or either of them, for the injuries and damages sustained by Andrew L. Roland. * * *

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the aforesaid insurance policy did not and does not obligate Allstate Insurance Company to defend any suit between the aforesaid parties or any of them, and did not and does not obligate Allstate Insurance Company to pay any Judgment that has or which may hereafter be entered between any of the aforesaid parties. * * *

R., 44–45.

3. The other clauses of the endorsement read:

2. Insurance afforded for Medical Payments shall not apply to any person other than the named insured, the individual named below or any guardian of or person related to the named insured or the individual named below if the automobile is being driven or operated by any member of the Armed Forces of the United States who is not the individual named below.

3. As respects Bodily Injury Liability and Property Damage Liability, this endorsement shall have no force or effect while the automobile described in the policy is within the boundaries of any military post, camp or cantonment.

4. To the extent that this endorsement changes or modifies any policy language or provision, this endorsement shall control. All other language and provisions shall remain unchanged.

being driven by a member of the armed forces other than the named insured, coverage is unavailable to all persons, regardless of whether they might be covered under other provisions of the policy.

Furthermore, Allstate has tendered no judicial authority which contradicts our conclusion that the language of the endorsement clearly and unambiguously supports appellants' contention. The district court apparently based its decision upon Western Alliance Ins. Co. v. Albarez, 380 S.W.2d 710 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.). The exclusionary clause in the insurance policy there involved, however, differed significantly from the military endorsement in the instant case. The policy in *Albarez* provided:

> [T]he insurance afforded by this policy *shall not apply with respect to any claim* arising from accidents which occur while any automobile is being operated by Miles Collins.

380 S.W.2d at 712 (emphasis added). The plain meaning of the words of the two exclusionary provisions are quite different. In the instant case only the excluded persons—i. e., servicemen other than the named insured—are without coverage. In *Albarez*, the entire coverage of the policy is avoided if the vehicle is operated by a specifically named individual.

Appellees argue that to give the words of the military endorsement their plain meaning would "circumvent the plain intention of the parties." Yet, it is left purely to conjecture from what source we are to glean this allegedly "plain intention" of the parties which would contradict the clear wording of the endorsement.[4] We are not inclined to rewrite a contract of adhesion where the party

responsible for its drafting pleads that it imperfectly expressed the parties' true intent.

■ Even if the proper interpretation of the endorsement were not clear and could be said to contain ambiguity, we would still be inclined to reversal. As this Court has recently said:

> We are also mindful of the desirability, as a matter of public policy, to protect the injured party and to construe the policy in such a manner so that those who are injured are not abandoned without compensation. * * * "[I]t is settled doctrine that an insurance contract is to be liberally construed for the protection, not only of the named insured and those within its omnibus clause, but also the innocent plaintiff who was injured by the negligent use of the insured automobile."

Float-Away Door Co. v. Continental Casualty Co., 5th Cir., December 1, 1966, 372 F.2d 701.

### III.

What we have said above does not dispose of this litigation. It still must be determined if Charlotte was covered by the omnibus clause of the policy. This determination, however, is a task for the district court upon remand. Whether Charlotte was an "insured" under the policy is a question of Texas law. An interpretation of that law and its application in this case may not be ascertained in the abstract, but only in the context of a precise factual situation. The record before this Court does not even contain the factual affidavits filed in connection with the motion for summary judgment. Thus, any discussion by this Court as to the local law defining and applying such critical terms as "use," "actual use," and

4. Indeed, a reading of the entire Military Personnel Restrictive Endorsement evidences an intent contrary to that urged by Allstate. See f.n. 2. The second clause of the endorsement expressly provides the type of exclusion which Allstate argues is impliedly provided by clause (1). But clause (2) deals only with Medical Payment Liability in the specific instance where a serviceman *is* driving.

Clearly, if clause (1) were intended to read as Allstate argues, there would have been no need for clause (2). Furthermore, clause (2) unequivocally demonstrates that Allstate was perfectly capable of clearly expressing, if indeed that had been its intent, the type of exclusion it now urges upon the court under clause (1).

"permission," as well as any attempt to determine the place in Texas law for concepts of "implied permission," and "major or minor deviation," would be ill-advised. Indeed, such an investigation of the local law in the present posture and factual development of this case would amount to an advisory opinion, the rendition of which, of course, is beyond the scope of our proper functions. Therefore we reverse and remand to the district court for further proceedings not inconsistent with this opinion.