Clarissa **TSOLAINOS**, et al.

v.

Panos **TSOLAINOS**, et al.

No. Civ.A. 98–2495.

United States District Court, E.D. Louisiana.

Aug. 20, 1999.

---

Frank W. Lagarde, Jr., Frank W. Lagarde, Jr., Attorney at Law, Metairie, LA, Calvin Fleming, Calvin Fleming, Attorney at Law, Lafitte, LA, John Price McNamara, Law Office of J. Price McNamara, Metairie, LA, for plaintiffs.

Robert Craig Stern, Barbee & Stern, LLC, New Orleans, LA, Burt K. Carnahan, Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, LA, Peter Newton Freiberg, Kim Abramson, Steen & McShane, LLC, New Orleans, LA, for Panos T. Tsolainos, defendant.

C. Gordon Johnson, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, for State Farm Mutual Automobile Insurance Company, defendant.

Matthew J. Ungarino, Ungarino & Eckert, LLC, Metairie, LA, for Miller's Casualty Insurance Company, defendant.

Mary Campbell Hubbard, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA, for Mariongoula Tsolainos, movant.

Henry L. Klein, Henry L. Klein Attorney at Law, New Orleans, LA, for Deborah L Tsolainos, Succession of, through its administratrix, Clarissa Tsolainos, movant.

Robin Bryan Cheatham, Douglas H. Edwards, Adams & Reese, New Orleans, LA, for Michael Chiasson, trustee.

Mary Campbell Hubbard, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA, for Marion Goula Tsolainos, intervenor.

Henry L. Klein, Henry L. Klein Attorney at Law, New Orleans, LA, for Deborah L Tsolainos, intervenor.

**594**

## ORDER AND REASONS

LEMMON, District Judge.

For the following reasons, it is **ORDERED** that:

1. The Millers Casualty Insurance Company's ("Millers") "Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) Or Alternatively, Motion For Summary Judgment" (Doc. 70) is **DENIED;**

2. Plaintiffs' Motion For Summary Judgment on coverage under State Farm Mutual' policy (Doc. 71) is **GRANTED;** and

3. The request for additional declaratory relief (Doc. 75) is **DENIED.**

### Background

Defendant, Panos Tsolainos, ("Tsolainos") obtained a divorce from Deborah Tsolainos some time before the events giving rise to this action occurred. Before final settlement of community property and other marriage-related issues, Tsolainos was arrested and charged in an alleged murder-for-hire scheme targeting his ex-wife. After Tsolainos was released on bond, he went to his ex-wife's home, where he ran over and killed her and allegedly struck two of his children with the car. Tsolainos was charged with second degree murder, but he maintains that the death was accidental.

Tsolainos was driving a car owned by a third person and insured by Millers Casualty Insurance Company ("Millers"). Tsolainos had liability coverage through State Farm Mutual Automobile Insurance Company ("State Farm") on his own automobile, which extended coverage to his use of an automobile owned by a third person.

The original plaintiffs, the decedent's adult daughter and minor children through a representative, filed this wrongful death and survival action naming Tsolainos, Millers and State Farm as defendants. The decedent's succession intervened.[1]

Millers has filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) or, alternatively, for summary judgment, alleging that Millers policy provides no coverage for Tsolainos's intentional act of running over the decedent.

The original plaintiffs filed a motion for summary judgment against State Farm, seeking a declaration that the State Farm policy affords coverage for damages arising from the fatal incident. The succession joins in plaintiffs' motion for summary judgment and requests the court to declare that additional insurance coverage is available under the State Farm policy's uninsured/underinsured motorist ("UM") provision.

### Discussion

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its

---

**1.** For convenience, the court will sometimes refer to the original plaintiffs and the succes-sion collectively as "plaintiffs".

motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir.1991).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests only the sufficiency of a plaintiff's allegations to determine whether the complaint adequately states a claim on which relief can be granted. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 220 (5th Cir.1998) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (2d ed.1990)). A motion to dismiss must be denied "unless the complaint fails to state any set of facts upon which relief could be granted." *Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir.1996) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 101–103, 2 L.Ed.2d 80 (1957)). All well-pleaded facts of the complaint are accepted as true and viewed in the light most favorable to the non-moving party. *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

In considering a motion to dismiss under Rule 12(b)(6), the court may not look beyond the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). If the court considers or is presented with matters outside of the pleadings, "the [12(b)(6) ] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12; *Baker*, 75 F.3d at 197.

### Millers Casualty's Motion For Summary Judgment

■ In moving for summary judgment, Millers asserts an "intentional acts" exclusion in its policy.[2] In support of summary judgment, Millers offers only the policy

and the complaint and asserts that the complaint shows that Tsolainos intended to kill the decedent. Millers has the burden of establishing that there is no genuine issue of material fact of Tsolainos's intent, and the allegations of the complaint alone do not satisfy that burden. Although the complaint states that Tsolainos killed the decedent and that Tsolainos was arrested and charged with murder, and an inference of intent logically follows from the fact that the police arrested Tsolainos and charged him with murder, the mere fact of arrest, unlike a guilty plea or a conviction, does not prove any element of a crime, including the intent of the accused.

Moreover, plaintiffs have offered evidence that the factual issue of intent is indeed contested in that Tsolainos made a statement to police in which he claims the killing was an accident. In the recorded and transcribed statement, authenticated by the interrogating policeman at the policeman's deposition, Tsolainos claimed he did not intend to run over his ex-wife who had allegedly climbed onto the car. Rather, he claims that he was attempting to back the car up to get away from her, and that he mistakenly thought the car was in reverse when he accelerated.

In deciding the motion for summary judgment, this court may not weigh evidence or judge credibility, but it must merely note whether any material fact is contested. *Anderson*, 106 S.Ct. at 2511. Tsolainos's intent is a contested issue of material fact precluding summary judgment, and the motion by Millers is **DENIED**.[3]

### Was Decedent's Death Caused By An Accident?

■ The original plaintiffs' complaint and motion for summary judgment claim that the State Farm policy issued to Tso-

---

**2.** The policy excludes coverage for an "injury ... caused by an intentional act by ... an insured person." Millers Policy, p. 3, paragraph 3, under "Exclusions". Millers asserts that Tsolainos was an "insured person" under its policy, because he was using the vehicle with the consent of its owner, and that he

intentionally ran over and killed the decedent. Because Millers refers the court to its policy, which is evidence outside the pleadings, the court construes the motion to dismiss as a motion for summary judgment.

**3.** If Tsolainos pleads guilty to or is convicted of killing the decedent, or if other sufficient

lainos provides coverage for the decedent's death. State Farm denies coverage, asserting that "matters alleged in the Complaint did not occur as the result of an accident" as required under the terms of State Farm's policy. The State Farm policy obligates State Farm to pay "damages which an insured becomes legally liable to pay ... because of bodily injury to others ... *caused by accident.* ... " State Farm Policy, § I, p. 7 (emphasis added). State Farm's policy does not define "accident."[4] State Farm argues that it owes no coverage because Tsolainos's allegedly intentional killing of the decedent renders the cause of her death not an "accident."[5] Plaintiffs argue that the event was an "accident" as defined by Louisiana law.

■ Assuming, *arguendo*, that Tsolainos intended to run over the decedent, *his* intent does not determine whether there was an accident under Louisiana law. In *Jernigan v. Allstate Ins. Co.*, 269 F.2d 353, 356 (5th Cir.1959), the court held that a covered accident had occurred when a woman intentionally drove over and killed a man. *Id.* The court applied as Louisiana law the rule, recognized by a majority of states, that whether an event is an accident should be determined from the perspective of the victim rather than the tortfeasor. *Id.* at 356–57. Subsequent decisions from Louisiana Courts of Appeal affirm the *Jernigan* court's approach.[6] *See Bloodworth v. Carroll*, 455 So.2d 1197 (La. Ct.App.1984), *rev'd on other grounds*, 463 So.2d 1313 (La.1985); *Redden v. Doe*, 357 So.2d 632 (La.Ct.App.1978); and *Knight v.*

*L.H. Bossier, Inc.*, 118 So.2d 700, 703 (La. Ct.App.1960) (Tate, J.) (citing *Jernigan* and reasoning that "accident" is commonly defined from the viewpoint of "the person affected by the result of the act"). Thus, whether or not Tsolainos intended to injure the decedent, her death was the result of an "accident," because it has not been shown or alleged, and certainly cannot be presumed, that she intended to be struck by the car. Accordingly, the State Farm policy provides liability coverage as a matter of law, and plaintiffs' motion for summary judgment against State Farm is **GRANTED.**

## Is Uninsured Motorist Coverage of the State Farm Policy Available?

■ The succession seeks a declaration that additional insurance coverage is available under the UM provisions of the State Farm policy issued to Tsolainos. The succession claims that the UM provisions of State Farm's policy provide an additional layer of coverage because (1) the vehicle Tsolainos drove that killed the decedent was "underinsured," being insured for less than the damages allegedly recoverable for the decedent's injuries and death;[7] and (2) the decedent was an "insured" under the UM provisions because she was "occupying" the vehicle. The policy defines "occupying" as being in or "on" the vehicle, and the succession asserts that the decedent had climbed onto the hood of the vehicle just prior to the fatal incident.

In order for UM coverage to be available, it must be established that the dece-

---

evidence of Tsolainos's intent is adduced, the matter may then be ripe for summary judgment.

4. The State Farm policy does not contain an intentional acts exclusion.

5. The court acknowledges and summarily rejects State Farm's argument in opposition to summary judgment that a ruling on insurance coverage is premature until the liability of the insured is established. The court today merely decides whether coverage exists in the event of the insured is liable.

6. This court "must 'decide the case as would an intermediate appellate court of the state in question if ... the highest court of the state has not spoken on the issue....' " *Jefferson v. Lead Industries Ass'n*, 106 F.3d 1245, 1247 (5th Cir.1997) (quoting *Transcontinental Gas Pipeline Co. v. Transportation Ins. Co.*, 958 F.2d 622, 623 (5th Cir.1992)).

7. Under the bodily injury / liability portion of the policy, State Farm agrees to pay up to $100,000 per person and $300,000 per accident. Under the UM portion also, State Farm agrees to pay up to $100,000 per person and $300,000 per accident.

dent was "occupying" the vehicle, a term defined by the policy as "in, on, entering or alighting from." State Farm policy, p. 3, "Defined Words". The evidence before the court on the motion includes the statement Tsolainos made to Detective Robert Juge, shortly after the accident, and the deposition testimony of Connie Ann Deville, an eye witness. Because of discrepancies between the two statements, a disputed issue of material fact exists as to whether the decedent was "on" the vehicle as required by the policy, precluding the grant of summary judgment. To discuss the legal issue of UM coverage while there exists this critical issue of material fact would be to improperly render an advisory opinion. *See Hamman v. Southwestern Gas Pipeline, Inc.*, 721 F.2d 140, 144 (5th Cir.1983) (advisory opinions beyond court's constitutional power). Resolution of a legal issue "may not be ascertained in the abstract, but only in the context of a precise factual situation." *Roland v. Allstate Ins. Co.*, 370 F.2d 289, 292 (5th Cir.1966) (refusing to rule on legal issue when material facts remained to be decided). *Bonneville Power Administration v. Washington Public Power Supply System*, 956 F.2d 1497, 1508 (9th Cir.1992) (observing that ruling on summary judgment motion beyond finding existence of contested material fact would be inappropriate).

### Conclusion

The motion to dismiss filed by Millers (Doc. 70) is denied because there is a contested issue of material fact concerning Tsolainos's intent. Plaintiffs' motion for summary judgment (Doc. 71) is granted because the State Farm liability policy covers this "accident." The succession's request for additional declaratory relief (Doc. 75) is denied because there is a contested issue of material fact as to whether the decedent was occupying an insured vehicle at the time of the accident.