**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2013

Lyle W. Cayce
Clerk

No. 13-30150

LEVI COLEMAN, SR., Deceased; BARBARA COLEMAN; SHIRLEY COLEMAN MORELAND; LEVI COLEMAN, JR.; STANLEY NEWTON; ET AL,

Plaintiffs - Appellants

v.

OFS, INCORPORATED, individually and as successor in interest to Oil Field Sales and Service, Incorporated; ATLANTIC RICHFIELD COMPANY, individually and as successor in interest to Arco Oil and Gas Corporation, also known as Arco Oil & Gas Company; BP PRODUCTS NORTH AMERICA, INCORPORATED, individually and as successor in interest to Amoco Oil Company and American Oil Company; CHEVRON USA, INCORPORATED, inidividually and as the parent company and successor to Gulf Oil Corporation and Gulf Oil Exploration & Production Company, and Texaco, Incorporated, the successor to Texas Company; EXXON MOBIL CORPORATION, individually and as successor in interest to Exxon Corporation and Mobil Exploration & Producing Southeast, Incorporated; SHELL OFFSHORE, INCORPORATED; SHELL OIL COMPANY; SWEPI, L.P., individually and as successor in interest to Shell Western E&P, Incorporated; UNION OIL COMPANY OF CALIFORNIA; SUPERIOR OIL COMPANY; PACKARD PIPE TERMINALS, L.L.C., formerly named as Packard Pipe Terminals, Incorporated,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2937

No. 13-30150

Before OWEN, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

This is an appeal from a partial final judgment which dismissed certain plaintiffs' state law survival claims as untimely. The district court found that the limitations period governing survival claims in Louisiana is peremptive and thus not subject to tolling or interruption. We certify the dispositive question of whether the relevant time period is prescriptive or peremptive to the Louisiana Supreme Court.

## I. Factual and Procedural Background

Plaintiffs-Appellants in this class action litigation are pipe yard workers and surviving beneficiaries of pipe yard workers. Plaintiffs' tort claims arise out of the pipe yard workers' occupational exposure to radioactive oil field waste materials including Technologically Enhanced Naturally Occurring Radioactive Materials ("TENORM") and other hazardous substances. Plaintiffs allege that, unknown to the workers, pipe cleaning, pipe maintenance, and yard maintenance resulted in their exposure to TENORM, which caused or contributed to the development of various diseases, health problems, and deaths. Defendants-Appellees are multiple oil companies who contracted with employers of the workers. Plaintiffs allege that Defendants were aware of the dangers of TENORM and were aware of the workers' exposure, but failed to warn the workers or the public of the environmental and health dangers.

The Coleman family originally filed survival claims and wrongful death claims in state court based on Levi Coleman's TENORM exposure. The action

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 13-30150

was amended multiple times to add additional plaintiffs. Defendants eventually removed the action to the Eastern District of Louisiana under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453. The district court denied a motion to remand. Multiple defendants filed motions to dismiss certain of the survival claims pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that all survival claims filed more than one year after the decedent's death were untimely. Plaintiffs argued that the applicable one-year limitations period for survival claims, *see* La. Civ. Code art. 2315.1, did not begin to run until Plaintiffs discovered the connection between the decedents' deaths and the toxic tort exposure. Plaintiffs alternatively argued that the one-year limitations period was preempted by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9658.

After briefing and oral argument on the limitations issues, the district court dismissed certain of the survival actions as untimely. The district court determined that both before and after a 1986 amendment to the statute, the Article 2315.1 limitations period for survival claims is peremptive, rather than prescriptive, and is not subject to interruption or suspension for any reason. The district court dismissed all survival claims filed more than one year after the decedent's death. The district court designated and certified its order of partial dismissal as an appealable final judgment under Federal Rule of Civil Procedure 54(b). Plaintiffs filed a motion for reconsideration arguing that the district court did not address their argument regarding CERCLA preemption. The district court denied the motion for reconsideration, holding that according to circuit precedent, CERCLA does not preempt peremptive periods. Plaintiffs timely appealed.

No. 13-30150

## II. Discussion

This case involves the application of Louisiana law. To determine Louisiana law, we first look to the final decisions of the Supreme Court of Louisiana. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003)). In the absence of a final decision by the Supreme Court of Louisiana, we "must make an *Erie* guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case." *Id.* When making the *Erie* guess, we "must employ Louisiana's civilian methodology, whereby we first examine primary sources of law: the constitution, codes, and statutes." *Id.*

"Louisiana Civil Code article 2315.1 grants to designated beneficiaries a right of action to recover the damages that a person suffered and would have been entitled to recover from a tortfeasor, if that person had lived." *Barber v. Employers Ins. Co. of Wausau*, 2011-0357 (La. App. 1 Cir. 6/28/12), 97 So. 3d 454, 461; *see* La. Civ. Code art. 2315.1(A). Article 2315.1(A) provides:

> If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of [specified beneficiaries].

The primary issue on appeal is whether the one-year limitations period provided by Article 2315.1 is prescriptive or peremptive. "Prescriptive periods" are also known as statutes of limitation, while "peremptive periods" are also known as statutes of repose. This court has described the difference:

> A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time. It cuts off the remedy. It is remedial and procedural. A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant. It abolishes the cause of action after

4

No. 13-30150

the passage of time even though the cause of action may not have
yet accrued.

*Servicios-Expoarma, C.A. v. Indus. Mar. Carriers*, 135 F.3d 984, 989 (5th Cir.
1998) (quoting *Harding v. K.C. Wall Prods., Inc.*, 831 P.2d 958, 967 (Kan.
1992)).  In other words, "prescription merely prevents the enforcement of a
right by action; in contrast, peremption destroys the right itself." La. Civ. Code
art. 3458, 1982 rev. cmt. (b) (citing *Pounds v. Schori*, 377 So. 2d 1195 (La.
1979); *Flowers, Inc. v. Rausch*, 364 So. 2d 928 (La. 1978)).  In Louisiana,
"[w]hen prescription applies, the prescriptive period does not begin to run until
the plaintiff has actual or constructive knowledge of the facts which would
entitle him to bring suit." *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902, 907
(5th Cir. 1985) (citations omitted); *see Barber*, 97 So. 3d at 464 (describing the
Louisiana doctrine of "*contra non valentem agere non currit praescriptio*, which
means prescription does not run against a person who could not bring suit")
(citing *Jenkins v. Starns*, 11-1170 (La.1/24/12), 85 So.3d 612, 623).  By contrast,
when peremption applies, the limitations period is not subject to tolling or
interruption and runs regardless of whether a plaintiff had knowledge of his
cause of action. *See Ayo*, 771 F.2d at 907; La. Civ. Code art. 3461 ("Peremption
may not be renounced, interrupted or suspended.").  "Whether a particular
time period is prescriptive or peremptive is a matter determined by the
Louisiana courts." *Ayo,* 771 F.2d at 906.

In 1986, the Louisiana legislature amended and restructured Article
2315, placing wrongful death and survival actions into separate provisions.[1]
*Compare* La. Civ. Code art. 2315.1 (survival action) *with* La. Civ. Code art
2315.2 (wrongful death action); *see Barber*, 97 So.3d at 462 (describing the

---

[1] On appeal, Appellants do not challenge the district court's holding that the pre-1986
version of Article 2315 provided for a peremptive period in survival actions.

amendment). The text of the amended statute is ambiguous. On one hand, Article 2315.1, which governs survival actions, still provides that the right to recover "shall survive for a period of one year from the death of the deceased. . . ." La. Civ. Code art. 2315.1(A). By contrast, the amended Article 2315.2, which governs wrongful death actions, provides that "[t]he right of action granted by this Article prescribes one year from the death of the deceased." La. Civ. Code art. 2315.2(B). The difference in language between the two provisions may indicate different meanings. *See Barber*, 97 So. 3d at 462 ("This distinct difference in phrasing [between Articles 2315.1 and 2315.2] reflects the difference between peremption, which extinguishes a right upon the expiration of the peremptive period, and liberative prescription, which merely sets a time limit within which one is allowed to seek enforcement of a right."). On the other hand, a new provision included in both the amended Articles 2315.1 and 2315.2 provides that "[t]he right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article." La. Civ. Code arts. 2315.1(C), 2315.2(C). This express reference to a "prescriptive period" in both Articles may indicate that both time periods are intended to be prescriptive. *See Watkins v. Exxon Mobil Corp.*, 2012-0477 (La. App. 4 Cir. 5/29/13), 117 So. 3d 548, 553 ("[T]he explicit language in Article 2315.1 C, describing the delay as a 'prescriptive period,' is the 'best evidence' that the legislature intends what it says in the codal article itself.") (footnote omitted); *see also* 12 La. Civ. L. Treatise, Tort Law § 5:9 (2d ed.) (stating that the question of whether the Article 2315.1 period is prescriptive or peremptive "should be considered settled" by the reference to a "prescriptive period" in Article 2315.1).

The Louisiana Supreme Court has not spoken on the issue of whether the time period in the amended Article 2315.1 is prescriptive or peremptive. Further, there are conflicting decisions from the Louisiana appellate courts.

No. 13-30150

*Compare Barber*, 97 So. 3d at 462-63 (holding that the time period is peremptive), *with Watkins*, 117 So. 3d at 551-53 (holding that the time period is prescriptive), *writ of review granted,* No. 13-CC-1545 (La. November 8, 2013).

Whether the time period defined by Article 2315.1 is peremptive or prescriptive is determinative of this case.  The only other issue on appeal is whether Article 2315.1 is preempted by CERCLA, 42 U.S.C § 9658, if the time period for a survival claim is peremptive.  The CERCLA issue becomes relevant only if it is decided that the limitations period is peremptive. If it is prescriptive, it is subject to the Louisiana doctrine of *contra non valentem, see Jenkins,* 85 So.3d at 623, and there is no need to address CERCLA preemption.

Louisiana Supreme Court Rule XII provides for certification to that court when there are state law questions determinative of issues before us, and "there are no clear controlling precedents in the decisions of the supreme court . . . ." Rules of the Supreme Court of Louisiana, Rule XII, § 1.  The parties have not moved this court to certify the question to the Louisiana Supreme Court, but the Rule further provides that certification "may be invoked by . . . any circuit court of appeal of the United States upon its own motion . . . ."  *Id.* § 2. As this court has previously stated, we are aware that "certification is not a panacea for resolution of those complex or difficult state law questions which have not been answered by the highest court of the state," *In re Katrina Canal Breaches Litig.*, 613 F.3d 504, 509 (5th Cir. 2010) (internal alteration omitted) (quoting *Transcon. Gas Pipeline Corp. v. Transp. Ins. Co.*, 958 F.2d 622, 623 (5th Cir. 1992)), but "certification may be advisable where important state interests are at stake and the state courts have not provided clear guidance on how to proceed." *Id.* (quoting *Free v. Abbott Labs., Inc.*, 164 F.3d 270, 274 (5th Cir. 1999)).  The question of whether Article 2315.1 includes a peremptive or prescriptive period involves important state interests, as the answer will

No. 13-30150

define the time period governing all survival actions brought in Louisiana. Given that the Louisiana Supreme Court has not spoken on this issue, and the Louisiana appellate courts are divided, we find that certification is advisable.

## III.  Question Certified

The interpretation of Article 2315.1 is a matter of Louisiana law that will determine the outcome of this case and there are no clear controlling precedents from the Louisiana Supreme Court.  Thus, we certify the following question of law to the Louisiana Supreme Court:

> Whether, after the 1986 amendment to the statute, the one-year limitations period for a survival action contained in La. Civ. Code Article 2315.1 is prescriptive or peremptive.

## IV.  Conclusion

We disclaim any intent that the Louisiana Supreme Court confine its reply to the precise form or scope of the legal question we certify. We transfer to the Supreme Court of Louisiana the record and appellate briefs in this case with our certification.  This panel retains cognizance of this appeal pending response from the Supreme Court of Louisiana.

We CERTIFY the question stated to the Louisiana Supreme Court.