# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

No. 13-30150

LEVI COLEMAN, SR., Deceased; BARBARA COLEMAN; SHIRLEY COLEMAN MORELAND; LEVI COLEMAN, JR.; STANLEY NEWTON; ET AL,

Plaintiffs - Appellants

v.

OFS, INCORPORATED, individually and as successor in interest to Oil Field Sales and Service, Incorporated; ATLANTIC RICHFIELD COMPANY, individually and as successor in interest to Arco Oil and Gas Corporation, also known as Arco Oil ; Gas Company; BP PRODUCTS NORTH AMERICA, INCORPORATED, individually and as successor in interest to Amoco Oil Company and American Oil Company; CHEVRON USA, INCORPORATED, inidividually and as the parent company and successor to Gulf Oil Corporation and Gulf Oil Exploration ; Production Company, and Texaco, Incorporated, the successor to Texas Company; EXXON MOBIL CORPORATION, individually and as successor in interest to Exxon Corporation and Mobil Exploration ; Producing Southeast, Incorporated; SHELL OFFSHORE, INCORPORATED; SHELL OIL COMPANY; SWEPI, L.P., individually and as successor in interest to Shell Western E;P, Incorporated; UNION OIL COMPANY OF CALIFORNIA; SUPERIOR OIL COMPANY; PACKARD PIPE TERMINALS, L.L.C., formerly named as Packard Pipe Terminals, Incorporated,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before OWEN, SOUTHWICK, and GRAVES, Circuit Judges.

No. 13-30150

JAMES E. GRAVES, JR:

In a prior opinion and order, we certified to the Supreme Court of Louisiana the question of whether the one-year time period governing a survival action in Article 2315.1 of the Louisiana Civil Code is prescriptive or peremptive. *See Coleman v. OFS, Inc.*, 554 F. App'x 251 (5th Cir. Dec. 18, 2013). The Supreme Court of Louisiana denied certification, because in the interim, that court issued its opinion in *Watkins v. Exxon Mobil Corp.*, 2013-1545 (La. 5/7/14), 145 So. 3d 237, *reh'g denied* (July 1, 2014), holding that the time period in Article 2315.1, as amended in 1986, is prescriptive. Applying this clear precedent, we reverse the district court's dismissal of the Plaintiffs' survival actions.

## I. Factual and Procedural Background

We restate the factual and procedural background, drawn from our previous certification opinion. Plaintiffs-Appellants in this class action litigation are pipe yard workers and surviving beneficiaries of pipe yard workers. Plaintiffs' tort claims arise out of the pipe yard workers' occupational exposure to radioactive oil field waste materials including Technologically Enhanced Naturally Occurring Radioactive Materials ("TENORM") and other hazardous substances. Plaintiffs allege that, unknown to the workers, pipe cleaning, pipe maintenance, and yard maintenance resulted in their exposure to TENORM, which caused or contributed to the development of various diseases, health problems, and deaths. Defendants-Appellees are multiple oil companies who contracted with employers of the workers. Plaintiffs allege that Defendants were aware of the dangers of TENORM and were aware of the workers' exposure, but failed to warn the workers or the public of the environmental and health dangers.

The Coleman family originally filed survival claims and wrongful death claims in state court based on Levi Coleman's TENORM exposure. The action

No. 13-30150

was amended multiple times to add additional plaintiffs. Defendants eventually removed the action to the Eastern District of Louisiana under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453. The district court denied a motion to remand. Multiple defendants filed motions to dismiss certain of the survival claims pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that all survival claims filed more than one year after the decedent's death were untimely. Plaintiffs argued that the applicable one-year limitations period for survival claims, *see* La. Civ. Code art. 2315.1, did not begin to run until Plaintiffs discovered the connection between the decedents' deaths and the toxic tort exposure. Plaintiffs alternatively argued that the one-year limitations period was preempted by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9658.

After briefing and oral argument on the limitations issues, the district court dismissed certain of the survival actions as untimely. The district court determined that both before and after a 1986 amendment to the statute, the Article 2315.1 limitations period for survival claims is peremptive, rather than prescriptive, and is not subject to interruption or suspension for any reason. The district court dismissed all survival claims filed more than one year after the decedent's death. The district court designated and certified its order of partial dismissal as an appealable final judgment under Federal Rule of Civil Procedure 54(b). Plaintiffs filed a motion for reconsideration arguing that the district court did not address their argument regarding CERCLA preemption. The district court denied the motion for reconsideration, holding that according to circuit precedent, CERCLA does not preempt peremptive periods. Plaintiffs timely appealed.

We certified to the Supreme Court of Louisiana the question of whether the one-year time period governing a survival action in Article 2315.1 is

prescriptive or peremptive. *See Coleman*, 554 F. App'x at 252. On September 12, 2014, the Supreme Court of Louisiana denied certification, stating that "The issue presented in the certified question has been resolved in *Watkins v. Exxon Mobil Corporation*," 2013-1545 (La. 5/7/14), 145 So. 3d 237, *reh'g denied* (July 1, 2014). *Coleman v. OFS, Inc.*, 2013-2962 (La. 9/12/14), 2014 WL 4636432.

## II. Discussion

We review the district court's dismissal under Rule 12(b)(6) de novo. *See, e.g., Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 388 (5th Cir. 2002). We also review the district court's determination of state law de novo. *Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).

Louisiana Civil Code Article 2315.1 governs the time period in which survival actions must be brought. It provides:

> If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of [specified beneficiaries].

La. Civ. Code art. 2315.1(A). The district court dismissed the survival actions at issue based on its determination that the one-year time period for instituting a survival action in Art. 2315.1 is peremptive, and not prescriptive. In Louisiana, "prescription merely prevents the enforcement of a right by action; in contrast, peremption destroys the right itself." La. Civ. Code art. 3458, 1982 rev. cmt. (b) (citing *Pounds v. Schori*, 377 So. 2d 1195 (La. 1979); *Flowers, Inc. v. Rausch*, 364 So. 2d 928 (La. 1978)). "When prescription applies, the prescriptive period does not begin to run until the plaintiff has actual or constructive knowledge of the facts which would entitle him to bring suit." *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902, 907 (5th Cir. 1985) (citations

omitted); *see Jenkins v. Starns*, 11-1170 (La.1/24/12), 85 So.3d 612, 623 (describing the Louisiana doctrine of "*contra non valentem agere non currit praescriptio*, which means prescription does not run against a person who could not bring suit"). However, a peremptive period is not subject to tolling or interruption and runs regardless of whether a plaintiff had knowledge of his cause of action. *See Ayo*, 771 F.2d at 907; La. Civ. Code art. 3461 ("Peremption may not be renounced, interrupted or suspended.").

The interpretation of Article 2315.1 is, of course, a question of state law. To determine Louisiana law, we first look to the final decisions of the Supreme Court of Louisiana. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003)). In *Watkins v. Exxon Mobil Corp.*, the Supreme Court of Louisiana clearly held that the time period in Article 2315.1 is prescriptive and not peremptive. 145 So. 3d at 243-44. In *Watkins*, the court pointed to a new provision added in 1986 amendments to Article 2315.1 which provides that "[t]he right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article." La. Civ. Code art. 2315.1(C); *see Watkins*, 145 So. 3d at 242. The court then held:

> we must conclude the legislature intended to provide that the time limitation for asserting the survival action is a one year period of liberative prescription. There can be little doubt that the legislature is well aware of the distinction between a period of liberative prescription and a period of peremption. Certainly the legislature could have deemed the time period one of peremption had it desired to do so. The legislature must have intended the time period to be one of liberative prescription, given that the term "prescriptive period" has a well-settled meaning in our law and jurisprudence.

*Watkins*, 145 So. 2d at 243-44 (citations omitted). In light of the Supreme Court of Louisiana's resolution of this question, we must adopt its holding that

No. 13-30150

Article 2315.1, as amended in 1986, contains a prescriptive period. We therefore reverse the district court's dismissal of the plaintiffs' claims based on its contrary holding.[1]  In light of this determination, there is no need for us to address the Plaintiffs' alternative argument regarding the effect of CERCLA.

### III.  Conclusion

For the foregoing reasons, we REVERSE the district court's dismissal of the plaintiffs' claims and REMAND to the district court for further proceedings consistent with this opinion.

---

[1] The *Watkins* court addressed only the interpretation of Article 2315.1 after the 1986 amendments. *See Watkins*, 145 So. 2d at 242.  Plaintiffs-Appellants' briefing on appeal did not contest the district court's additional holding that prior to the 1986 amendments, the time period governing survival actions was peremptive.