On Nov. 16, 1942, Mrs. Justine C. Miller instituted this suit against the Paramount-Richards Theatres, Inc., and its public liability insurer, American Mutual Liability Insurance Company, for damages for personal injuries suffered by her as the result of an alleged accident caused by negligence of Paramount-Richards Theatres, Inc., on Nov. 23, 1941, and medical expenses and other expenses as a result thereof. In her petition she sued for $12,000 for the injuries she received, the pain and suffering mental anguish, discomfort, inconvenience and permanent physical incapacity, without any itemization, plus $785.02 for expenses, the latter being itemized.
On December 9, 1942, the defendants filed an exception of vagueness on the grounds that plaintiff, in her petition, had demanded damages in the amount of $12,000, in globo, and contending she should itemize each item of damages.
On July 24, 1943, Mrs. Justine C. Miller died intestate.
On June 11, 1945, the exception of vagueness was sustained and the plaintiff was ordered to amend her original petition so as to itemize the damages as prayed for in the exception of vagueness. The court allowed counsel for plaintiff ten days within which to amend her petition; and upon failure to amend within that time, the court stated that plaintiff's suit would be dismissed on motion.
On November 26, 1945, the present plaintiffs, Mrs. Louise Miller Heavey and Mrs. Irma Miller Barton, alleging that they are the daughters and sole heirs at law of the original plaintiff, Mrs. Justine C. Miller, and that she had died intestate on July 24, 1943, filed a supplemental and amended petition with the necessary allegations, substituting themselves as parties plaintiff and complying with the court's order which sustained the exception. In their supplemental and amended petition, the substituted plaintiffs claim the sum of $12,000 for each of the items; in other words, increasing the sum from $12,000 to $84,000. This supplemental and amended petition was met by a motion to dismiss the suit for the reason that it sought to augment the demand, changing the issue and not being in compliance with the order of court. This motion was overruled. Defendants then filed a plea of prescription for all such sums in excess of the amount originally claimed. This plea was also overruled.
On April 3, 1945, the defendants filed their answer; in which they denied all the essential allegations of plaintiffs' petition and, in the alternative, set up the plea of contributory negligence of Mrs. Miller in bar of recovery.
On June 28, 1948, defendants filed a plea of prescription of one year against the demands of the substituted parties plaintiff. This plea was sustained and plaintiffs' suit. was dismissed. Plaintiffs have appealed.
In oral argument and in brief, the plaintiffs devoted a large part of their argument relative to the correctness of the lower court's ruling on the exception of vagueness. We are not called upon to pass on that ruling at this time. The ruling was made by a minute entry; it was an interlocutory decree from which plaintiffs cannot appeal. Had the plaintiffs desired an appeal, they could have refused to amend and then have a written judgment signed dismissing their suit. Then they could have appealed.
Therefore, the only question, vel non, before this court is whether the plea filed by the defendants was correctly sustained. In determining that question, the pertinent. facts as divulged by the pleadings are: Mrs. Justine C. Miller, the original plaintiff, was injured on November 23, 1941. She filed her suit on November 16, 1942, within the year. She died on July 24, *Page 330 
1943. Her two major daughters substituted themselves as plaintiffs in the suit on November 26, 1945, more than two years after the death of their mother. The plea is based on Civil Code Article 2315. The pertinent part of that Article provides:
"Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; the rightof this action shall survive in case of death in favor of thechildren * * * of the deceased * * * for the space of one yearfrom the death; * * *." (Italics ours.)
Article 2294 of the Civil Code of 1825 contained only the first sentence of the present article 2315. Under that Article, no action lay for the wrongful death of another. The right of action for damages was personal, and if the party injured died, the action died with him whether he had filed suit or not. The action did not survive in favor of anyone. By Act No. 223 of 1855, the article was amended by the addition of the second sentence, or as quoted supra, so that the right of action survived in favor of certain designated relatives of the decedent for a certain period of time. The jurisprudence under this article, as amended by the Act of 1855, is to the effect that the right of action survives whether or not a suit was filed by the injured party. As so amended, Article 2294 of the Civil Code of 1825 became Article 2315 of the 1870 Code. There have been other amendments to the Article under consideration but they are not material in deciding the issue presented.
Although the attorneys for the litigants and the trial judge treat the plea as one of the prescription, it is our view that the limitation of one year fixed by the quoted Article is one of peremption rather than one of prescription. The difference between the nature and effect of these two pleas are succinctly stated in the footnote, 13 Tulane Law Review, page 39 as follows: "A period of peremption admits of no interruption or suspensions. The performance of the required act must be accomplished within the specified time at the peril of the party whose duty it is to perform such act. A period of prescription differs in that it may be suspended or interrupted for various reasons. The institution of suit interrupts prescription. La. Act No. 39 of 1932, McCoy v. Arkansas Natural Gas Co., 1936, 184 La. 101, 165 So. 632. But it does not affect peremption. McElrath v. Dupuy, 1847, 2 La. Ann. 520; Hyde v. Bennett, 1847, 2 La. Ann. 799; Murff v. Ratcliff, 19 La. App. 109, 138 So. 908 supra note, 93."
Again, in the case of Guillory et al. v. Avoyelles Ry. Co. et al., 104 La. 11, at page 15, 28 So. 899, at page 901, the Supreme Court of this State, stated: "When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost."
It is the contention of the plaintiffs that they are not prosecuting an action of their own but are merely continuing an action instituted by their mother which action survived unto them; that their substitution as parties plaintiff is not the bringing of a new suit; that "a pending suit on an action is a continuous interruption of prescription against the action as long as the suit is pending" and "that prescription cannot run against an action as long as a suit is thereon pending."
The plaintiffs in their argument lose sight of the fact that both at common law and at civil law a right of action for damages for personal injuries does not survive in case of death. It died with the death of the injured party, whether suit was filed or not. Such right of action only survives by statute. When such right is survived by statute, it is in derogation of common or civil right and the statute must always be strictly construed.
We grant that there are no decisions bearing directly on the question. In all cases cited, it is stated that the beneficiary had filed the suit or had made himself *Page 331 
party plaintiff within the year of the death of the injured party. The reason which we see for no cases on point is that the Codal Article appears to be clear and unambiguous. If the language of the article means anything, it means that the right of action is to exist or survive for the space of one year after the death of the party injured in favor of a person or persons named in the article and if such party entitled to claim such right does not do so within the one year period, then the right of action which formerly existed in the injured person shall be considered dead, abated or lost. It seems clear to us, therefore, that the right conferred is a purely personal one, which, if not reduced to possession dies or expires at the end of one year after the death of the injured party.
Although the case of Thompson v. New Orleans Ry. Light Co.,145 La. 805, 806, 83 So. 19, is not conclusive as to this case, in that the opinion does not state that the beneficiary named in the Codal Article had had herself substituted as party plaintiff within the year after the original plaintiff's death, nevertheless that case clearly sets forth that the cause of action under the Codal Article, supra, survived or continued to live, to exist in force or operation after the death of the original plaintiff in favor of his statutory beneficiary for one year after the death of the party injured.
This case was followed as late as the case of Thompson v. Travelers Insurance Company, 182 So. 356, 361. In that case, Mr. Mrs. Thompson had sued to recover damages sustained in an automobile accident. Some seventeen months after the accident and after the suit was tried but before judgment, Mr. Thompson died. Mrs. Thompson was substituted party plaintiff to Mr. Thompson's right and cause of action by a supplemental petition. The court stated: "Furthermore, the widow's statutory claim was asserted and prosecuted within one year from the date of her husband's death."
From these two cases, it is logical to infer that had the beneficiaries not taken any action to have had themselves substituted as parties plaintiff within one year from the death of the party injured, the right of action would have been lost.
We find no merit whatever in plaintiffs' contention that they are not asserting any new right of action. Prior to Mrs. Miller's death, they had no right of action against the defendants for Mrs. Miller's injuries. The Codal Article, supra, continued Mrs. Miller's right of action in the suit for the space of one year from her death. In other words, to avoid the abatement of Mrs. Miller's right of action in the suit and avail themselves of Mrs. Miller's right of action they were bound under the statute to intervene and make themselves parties plaintiff within the year afforded them.
We grant that a pending suit on an action is a continuous interruption of prescription against the action as long as the suit is pending as a general proposition but that theory of law is inapposite to this case. This is a statutory right. The original suit interrupted the running of prescription as to Mrs. Miller but did not and could not interrupt the peremption period as to a right in favor of these substituted parties plaintiffs which was at that time non-existent. The only way that the limitation of time given by the article could be toll is the filing of a suit by the plaintiffs or by the making themselves parties plaintiff in the original suit within the period of one year from their mother's death.
We are of the opinion that it was necessary for Mrs. Miller's daughters, the substituted plaintiffs, to avail themselves of the right granted them by the Codal Article, supra, to comply fully with the strict letter of the statutory right granted them and having failed to do so within the time provided, they have forever lost this right.
For these reasons, the judgment appealed from is affirmed. *Page 332