ELLIS, Judge:
This suit was originally filed on February 20, 1974, by A. J. Guidry and Jane Guidry, his wife, for damages for personal injuries suffered by Mrs. Guidry as a result of alleged malpractice by defendant, Dr. Eugene Theriot. Mrs. Guidry died on July 9, 1974.
On March 28, 1978, Mr. Guidry filed a supplemental petition, alleging that the death of his wife was due to the negligence and malpractice of Dr. Theriot, and asking to be substituted for his wife as a party plaintiff, as her survivor. In addition, Mr. Guidry alleged a cause of action, and asked damages, for the wrongful death of his wife. Dr. Theriot’s insurer, Continental Casualty Company, was added as a party defendant.
On March 31, 1978, the three children of Mr. and Mrs. Guidry, Blake P. Guidry, Brad J. Guidry and Betsy Guidry Lennep, were added as parties plaintiff both in the survivor action and in the wrongful death action.
The defendants filed peremptory exceptions of peremption and no cause of action, alleging that the wrongful death action could no longer be urged because it was filed more than one year after the death of Mrs. Guidry. After a hearing on the exceptions, judgment was rendered, dismissing all demands of the three children. The exceptions were overruled as to Mr. Guidry. From the judgment dismissing their case, Blake P. Guidry, Brad J. Guidry, and Betsy Guidry Lennep have appealed. Dr. Theriot and Continental have answered the appeal, asking that their exceptions be maintained as to all demands by A. J. Guidry, except his claim for special damages.
Defendants’ answer is without effect. They seek thereby to have the judgment modified as to A. J. Guidry, who is not an appellant. Under Article 2133 of the Code of Civil Procedure, an appellee can have the judgment modified only as to an appellant, or an adverse party in an incidental action, by filing an answer to the appeal. A. J. Guidry fits neither of these categories.
Article 2315 of the Civil Code reads as follows:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
“The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of *1198 the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse. “The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not. “As used in this article, the words ‘child’, ‘brother’, ‘sister’, ‘father’, and ‘mother’ include a child, brother, sister, father, and mother, by adoption, respectively.”
Our courts have interpreted the foregoing article as creating two separate and distinct causes of action: one for the damages which the victim could have recovered had he lived; and the other, for damages suffered by the survivors as a result of the wrongful death of the victim. Callais v. Allstate Insurance Co., 334 So.2d 692 (La.1976); King v. Cancienne, 316 So.2d 366 (La.1975); Whittington v. Hopfensitz, 321 So.2d 836 (La.App. 1st Cir. 1975).
With respect to the first of these actions, commonly called the survival action, it must be brought by the survivors within one year of the death of the victim, if the victim has not filed suit, and died within one year of the accident. However, if the victim timely filed suit for his injuries prior to his death, the one year period provided by Article 2315 no longer applies, and the survivors may be substituted as parties plaintiff for the deceased victim at any time, subject only to the five year abandonment rule of Article 561 of the Code of Civil Procedure. Article 2315, Civil Code; Article 801, Code of Civil Procedure; J. Wilton Jones Co. v. Liberty Mutual Insurance Co., 248 So.2d 878 (La.App. 4th Cir. 1970); Whittington v. Hopfensitz, supra.
Mrs. Guidry died on July 9, 1974, and her three children were substituted as parties plaintiff on March 31, 1978, well within the five year abandonment limitation. The survival portion of the action should not have been dismissed as to the children.
The wrongful death action was brought by the three children in the same pleading in which they were substituted as parties plaintiff on March 31, 1978, well over a year after the death of their mother. The wrongful death action is personal to the survivor, is not connected with the survival action, and is a separate cause of action therefrom. This court has held that the wrongful death action prescribes in one year, under Article 3536 of the Civil Code. McClendon v. State, Through Dept. Of Corrections, 357 So.2d 1218 (La.App. 1st Cir. 1978). The wrongful death action in this case is clearly prescribed on the face of the pleadings.
The judgment appealed from is therefore reversed insofar as it dismissed Blake P. Guidry, Brad J. Guidry and Betsy Guidry Lennep as parties plaintiff in the survival action; affirmed insofar as it dismisses their wrongful death action; and remanded for further proceedings according to law. All costs of this appeal shall be equally shared by the parties hereto. All other costs shall await the final determination of the case on its merits.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.