452 So.2d 370 (1984)
Alice H. JONES, Administratrix of the Estate of Beverly Henry, et al.
v.
PHILCO-FORD CORP., Et Al.
No. 83 CA 0057.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Writ Denied October 5, 1984.
*371 Raymond L. Simmons, Baton Rouge, for plaintiff-appellant Alice H. Jones, Administratrix of the Estate of Beverly Henry, et al.
Paul Marks, Jr., Baton Rouge, for defendants-appellees Capital City South and Willie Spooner, Jr.
Eugene R. Groves, Baton Rouge, for defendant-appellee Gulf States Utilities Co.
Calvin E. Hardin, Jr., Baton Rouge, for defendants-appellees G.T.E. Products Corp. and Philco-Ford Corp.
Grayson H. Brown, Baton Rouge, for intervenor-appellee Travelers Indem. Co.
Before COVINGTON, LOTTINGER, PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
We granted a rehearing because our attention was correctly called to the fact that the minutes of court reveal that the exception of no right of action filed to both the wrongful death and survivorship claims was maintained, rather than overruled, as we had originally stated. There is no doubt that the trial court was correct in finding Mrs. Alice H. Jones was not a proper party plaintiff in her original petition. However, after further consideration, we hold that sufficient notice was given by the Original Petition to effect an interruption of prescription and that the Supplemental and Amended Petition indicated Mrs. Jones possessed a right of action. Therefore, we reinstate our original decision.
The classes of beneficiaries set forth in LSA-C.C. art. 2315 are exclusive and must be strictly construed. As article 2315 does not list successions or succession representatives as beneficiaries for purposes of a wrongful death claim, a succession representative of the person whose wrongful death is sued upon lacks the right of action to pursue such a claim. Cullivan v. State Farm Mutual Automobile Insurance Co., 428 So.2d 1231 (La.App.3d Cir. 1983), writs denied 433 So.2d 180, 181 (1983). Likewise, a succession representative of the decedent lacks the right of action to pursue a survivorship claim. Whittington *372 v. Hopfensitz, 321 So.2d 836 (La. App. 1st Cir.1975).
However, as we noted in our original opinion, a Supplemental and Amended Petition was filed on March 4, 1982, in which Alice H. Jones appeared as Administratrix of the Estates of Beverly Henry and Corey Henry, and as Tutrix of the minor children, Rhonda Henry, Bruce Henry, and Herley Henry. Although the Supplemental and Amended Petition was filed more than one year after the date of the alleged deaths of Beverly Henry and Corey Henry, the Supplemental and Amended Petition appears to have been filed by a party possessing a right of action, no evidence having been introduced by the defendants to the contrary.
Thus, the sole question is whether or not the filing of the Supplemental and Amended Petition, filed after prescription had run, relates back to the date of the filing of the original petition, which was filed within the one year prescriptive period. Although there may be some authority tending to produce a contrary result, we adhere to the reasoning of our original opinion, that "the elemental basis of legal interruption of liberative prescription in tort suits is informing the defendant of the legal demand." Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973). In other words, the basic test is sufficiency of notice to the defendant. In Nini, it was held suit for workers' compensation filed on behalf of a dead man furnished sufficient notice. Further, in Nettles v. Great American Insurance Co., 155 So.2d 87 (La.App.1st Cir. 1963), cert. denied 244 La. 1024, 156 So.2d 227 (1963), we held that sufficient notice was afforded by the filing of suit by the father of a man who had attained the age of majority. In the present case, although the Original Petition is inartfully drawn, we cannot say that it fails to afford sufficient notice to defendants that an action for wrongful death is being filed. The circumstances of the deaths are set forth fully. Mentioned as items of damage in the Original Petition are "loss of support and earnings, loss of affection, companionship, society, motherly and brotherly love, and funeral expense (sic)." Thus, although the Original Petition is poorly drawn, we are of the opinion that it furnished defendants sufficient notice of the nature of the claim being brought against them and the circumstances from which that claim arose. True, it failed to indicate Alice H. Jones possessed procedural capacity to pursue a wrongful death claim. However, under the holdings in Nini, supra, and Nettles, supra, it is not always essential that the true party in interest sue in order to effect an interruption of prescription. All that is necessary is that there be sufficiency of notice. In the present case, as we have stated, we find notice was sufficient, so that the filing of the Supplemental and Amended Petition can be permitted to relate back to the Original Petition. Thus, we adhere to our holding that prescription was duly interrupted as to the wrongful death claim.
As to the survivorship claim, the one year period is clearly one of peremption, not prescription. Thus, it was not subject to interruption. Succession of Roux v. Guidry, 182 So.2d 109 (La.App. 4th Cir.1966), writ refused 248 La. 1106, 184 So.2d 27 (1966). The filing of the Supplemental and Amended Petition came too late with regard to the survivorship claim.
Our original decision is reinstated, at the cost of appellee.
ORIGINAL OPINION REINSTATED.
COVINGTON and CARTER, JJ., dissent.