772 So.2d 797 (2000)
Helen Landreneau COURTLAND, Ronald E. Courtland, Caroline Ann Caswell and Susie Lorrine Slaamot
v.
CENTURY INDEMNITY COMPANY, Commercial Union Insurance Company, Federal Insurance Company, Industrial Indemnity Company, Highlands Insurance Company, Gulf Insurance Company, Travelers Casualty and Surety Company and National Union Fire Insurance Company of Pittsburgh, PA.
No. 00-CA-333.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 2000.
Writ Denied February 9, 2001.
M.H. Gertler, Rodney P. Vincent, Louis L. Plotkin, Marcia Finkelstein, New Orleans, Louisiana, Attorneys for Appellants Helen Landreneau Courtland, et al.
James M. Garner, Keith A. Kornman, Sher Garner Cahill Richter, Klein McAlister & Hilbert, L.L.C, New Orleans, Louisiana, Attorneys for Defendant-Appellee Century Indemnity Company, as Successor to CCI Insurance Company, as Successor to Insurance Company of North America.
Samuel M. Rosamond, III, Fleming & Rosamond, L.L.P., Metairie, Louisiana, Attorney for Defendant-Appellee Commercial Union Insurance Company.
James F. Holmes, Christopher J. Alfieri, Christovich & Kearney, L.L.P., Pan American Life Center, New Orleans, Louisiana, Attorneys for Appellee Highlands Insurance Company.
Thomas J. Wagner, Dana Henderson, Wagner & Bagot, New Orleans, Louisiana, *798 Attorneys for DefendantAppellee Highlands Insurance Company, as an Alleged Insurer of Jahncke Sand Services.
John E. Galloway, Kimberly G. Anderson, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, Louisiana, Attorneys for Defendants-Appellees Gulf Insurance Company and Travelers Casualty and Surety Company, as Alleged Insurers of Mississippi Valley Silica Company, Inc.
Claude F. Bosworth, Gordon P. Wilson, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, New Orleans, Louisiana, Attorneys for DefendantsAppellees Gulf Insurance Company and Travelers Casualty and Surety Company.
Joel T. Chaisson, Chaisson & Chaisson, Destrehan, Louisiana, Attorney for Defendant-Appellee Thomas Gilbert.
Michael A. Britt, Kenner, Louisiana, Attorney for DefendantAppellee Federal Insurance Company.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Plaintiffs, the widow and three major children of Thomas Courtland, appeal from the trial court judgments rendered in favor of nine Defendants[1], maintaining their exceptions of prescription and peremption and dismissing Plaintiffs' claims against them. For the reasons which follow, we affirm.
The facts are not in dispute. The issue before us presents a question of law. Thomas Courtland worked as a sandblaster in Louisiana and Texas from 1965 through 1986. On July 10, 1995, he was diagnosed with silicosis which, he was told, resulted from his sandblasting. On August 31, 1995, he filed suit in Texas state court for damages from silicosis. He sued various manufacturers of respiratory equipment and silica products which he used at work. While suit was pending in Texas, on November 3, 1997, Thomas Courtland died from silicosis. Thereafter, on April 26, 1999, the Plaintiffs herein filed suit in Louisiana against various Defendants alleged to be solidarily liable with the Texas defendants.
Plaintiffs filed the suit in Louisiana because several of the Defendants were domiciled in Louisiana and the Texas court did not have jurisdiction over them. The Louisiana suit asserted survival and wrongful death claims. Nine Defendants in the Louisiana suit filed exceptions of prescription and preemption.[2] The trial court granted the exceptions and dismissed Plaintiffs' claims against these Defendants.[3] It is from these judgments that Plaintiffs appeal. They appeal only the dismissal of their survival action, expressly abandoning the appeal of the dismissal of the wrongful death actions.
La. C.C. art. 2315.1, on survival actions, provides in pertinent part:
A. If a person who has been injured by an offense or quasi offense dies, the *799 right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
Relying on the explicit wording of this Civil Code article, Defendants argued below and in this court, that Plaintiffs' survival actions, filed in Louisiana state court more than one year after the death of Thomas Courtland, has been perempted and was properly dismissed by the trial court.
Plaintiffs argue that their claims have not been extinguished by the peremptive period provided in La. C.C. art. 2315.1, because that article does not apply to this case. Plaintiffs rely on the principle espoused in Guidry v. Theriot, 377 So.2d 319 (La.1979) that the peremptive period of article 2315.1 does not apply to an action that was instituted by the tort victim prior to his death. Thus, Plaintiffs argue that since Thomas Courtland commenced his tort claim himself before his death by filing suit in Texas, the instant suit is nothing more than an extension of that action and, thus, not perempted by La. C.C. art. 2315.1.
Defendants argue, to the contrary, that Guidry v. Theriot does not provide the Plaintiffs in this case with an exception to the express limits provided in La. C.C. art. 2315.1, which they need to continue their action. Defendants contend that Guidry is limited to the action instituted in Louisiana by the decedent before his death, with the heirs merely seeking to continue the action by being substituted as Plaintiffs. Defendants point out that in this case there was no pending action in Louisiana in which Plaintiffs could be substituted. Rather, Plaintiffs filed the initial suit which, under La. C.C. art. 2315.1, must be done within a year of Thomas Courtland's death. They argue that the suit which Thomas Courtland filed in Texas does not serve to preclude the application of La. C.C. art. 2315.1 and the running of the one year peremptive period.
Thus, the narrow question for us to consider is whether the suit filed by Thomas Courtland in Texas constitutes an "instituted action" as that phrase is used under the principles set out in Guidry. We conclude that such a finding would be an extension of Guidry which we are not prepared to make.
In Guidry, Mr. and Mrs. Guidry had filed suit in Louisiana state court on February 20, 1974, against Dr. Theriot for alleged malpractice. Mrs. Guidry died on July 9, 1974. More than four years later, on March 28, 1978, Mr. Guidry filed a supplemental petition in the pending action in which he sought to substitute himself as party plaintiff in a survival action. Mr. Guidry also asserted, for the first time, a wrongful death action. Three days later, on March 31, 1978, a second supplemental petition was filed by Mrs. Guidry's three major children asserting survival and wrongful death claims of their own. Dr. Theriot responded to the pleadings by filing exceptions of peremption and no cause of action. The trial court sustained the exceptions as to the children and dismissed both their survival and wrongful death actions. The exceptions filed in opposition to Mr. Guidry's claims were dismissed and were not considered in the appeal. On appeal, the appellate court reversed the dismissal of the survival action, but affirmed the dismissal of the wrongful death claims. Guidry v. Theriot, 371 So.2d 1196 (La.App. 1st Cir.1979). The Louisiana Supreme Court granted writs and ultimately affirmed the court of appeal decision.
The Supreme Court first determined that the survival action and the wrongful death action are separate and distinct causes of action. Then, following a historical review of whether a tort claim has been considered personal or heritable, the Supreme Court concluded that with the 1960 *800 enactment of the Code of Civil Procedure and simultaneous amendment to La. C.C. art. 2315, the legislature intended to overrule the prior jurisprudence which had adopted the common law rule that a tort action abates on the death of the victim. Thus, the Supreme Court held that a tort action, once instituted, does not abate on death. In so holding, the Supreme Court rejected the defendant's argument that, even if the action does not abate, the survival action is governed by the time limitation of one year contained in Article 2315. The Supreme Court found that "[t]here is a significant difference between inheriting an instituted action and inheriting the right to institute an action." The Supreme Court found that where the 2315 tort action was filed by the victim before his death, it does not abate upon his death and is not controlled by the time limitation of 2315 but, rather, becomes subject to the provisions of the Code of Civil Procedure on abandonment of actions and substitution of parties for a deceased party. La. C.C.P. art. 561; La. C.C.P. arts. 801-804. The Supreme Court stated:
We hold, therefore, that once an action has been instituted under article 2315, whether by the victim, a beneficiary or the heirs of a beneficiary the prescriptive period of that article no longer applies to the survival action but rather the nonabatement and substitution provisions of La. C.C.P. Articles 428, 561 and 801 are controlling.
Guidry cannot be directly applied to the instant case. In holding that the time limitation of 2315 did not apply where the tort victim instituted his action before his death, the Supreme Court relied on the applicability of the Code of Civil Procedure articles on abandonment and substitution of parties. The Code of Civil Procedure articles are not applicable here because the only suit that has been filed that relates to this case was filed in Texas. The Plaintiffs herein filed the original Louisiana lawsuit in order to assert their claims. The time limitations of the abandonment articles are not applicable here and there is no pending lawsuit in which the Plaintiffs can be substituted. As noted in Guidry, there is a difference between an instituted action and the right to institute an action. Upon the death of the tort victim, the former is not governed by the 2315.1 one year period, but the latter is so limited. Thus, we decline to extend Guidry to the facts of this case. Rather, we hold that, where the tort victim did not institute a viable action under 2315.1 in Louisiana into which the parties could be substituted upon the victim's death, the parties acquire, under La. C.C. art. 2315.1, only the right to institute an action which is limited, by the article, to one year from the time of the victim's death. Therefore, we affirm the trial court action in this case sustaining the Defendants' exceptions of peremption and prescription and dismissing Plaintiffs' claims against them.
Plaintiffs further rely on the case of Nathan v. Touro Infirmary, 512 So.2d 352 (La.1987) in support of their argument that the Texas suit should suffice as an "instituted action" such that the one year time limitation of La. C.C. art. 2315.1 would not apply. In Nathan, the tort victim had "instituted" a medical malpractice claim before his death, by filing a complaint with the Medical Review Panel as required by the Medical Malpractice Act, prior to filing suit in district court. The Court determined that because of the statutory requirements, filing his claim with the Medical Review Panel was the equivalent of "instituting an action" prior to the victim's death and applied Code of Civil Procedure Article 801 to allow the substitution of the succession representative as the party to the suit.
We do not find that the Nathan case supports Plaintiffs' position herein. In this case, there was no requirement, statutory or otherwise, as there was in the Nathan case, that Thomas Courtland file his tort claim in Texas and not in Louisiana. Thomas Courtland could have, prior to his death, chosen to assert his claim *801 under La. C.C. art. 2315.1 against the Louisiana defendants by filing suit in Louisiana at any time. Then, upon his death, his heirs, Plaintiffs herein, could have been substituted as parties to the action, as per Guidry, at any time prior to the suit being abandoned. Further distinguishing this case from the Nathan case, the Louisiana Code of Civil Procedure is not applicable to the Texas case as it was to the medical malpractice claim and, therefore, there is no means by which to substitute the Plaintiffs into an existing Louisiana action. Unfortunately, Thomas Courtland did not avail himself of any remedy under Louisiana law prior to his death. Thus, Plaintiffs must file an original suit in Louisiana to assert their survival action. Under La. C.C. art. 2315.1, they had one year to do so and neglected to file their suit timely.
Accordingly, for the reasons set forth above, we affirm the trial court judgments in favor of the nine Defendants, sustaining their exceptions of peremption and dismissing Plaintiffs' claims against them. Costs of appeal are assessed against Plaintiffs.
AFFIRMED.
NOTES
[1] The nine Defendants are Century Indemnity Company, Thomas Gilbert, Commercial Union Insurance Company, Federal Insurance Company, Industrial Indemnity Company, Highlands Insurance Company, Gulf Insurance Company, Travelers Casualty and Surety Company and National Union Fire Insurance Company of Pittsburgh, PA.
[2] One defendant, Century Insurance Company, actually filed an exception of no cause of action, but it was based on the argument that the survival and wrongful death claims were barred by prescription and peremption.
[3] The judgments were rendered against the following Defendants on the following dates: Century Indemnity Company11/123/99 and 12/8/99; Thomas Gilbert11/23/99; Commercial Union Insurance Company, Federal Insurance Company, Industrial Indemnity Company, Highlands Insurance Company, Gulf Insurance Company, Travelers Casualty and Surety Company, and National Union Fire Insurance Company of Pittsburg, PA 12/17/99.