STEWART, J.
11Appellants, Walter Rodgers Britton and Cynthia Britton Francis, seek reversal of the trial court’s judgment sustaining an exception of no cause of action filed by the appellee, Eaton Corporation, and dismissing their claims with prejudice. For the following reasons, we affirm the judgment of the trial court.
FACTS
On July 6, 1999, appellants were added as plaintiffs in an ongoing asbestos suit. They asserted wrongful death and survival actions for damages stemming from the alleged long-term exposure to asbestos endured by their father, James R. Britton, who died on March 19,1996.
Eaton Corporation, one of the defendants in the suit, filed an exception of no cause of action on the grounds that the wrongful death action was barred by workers’ compensation and that the survival action had expired by the peremptive period provided in La. C.C. art. 2315.1 prior to being filed.
At the hearing on the exception, the parties stipulated that the wrongful death claim was barred. However, counsel for appellants asserted that Mr. Britton had filed a suit in Texas prior to his death and that the Texas suit against defendants, who would be solidarily liable for his damages, interrupted the running of prescription on the survival action. The trial court rejected counsel’s argument and granted the exception. At counsel’s request, the trial court issued written reasons for judgment stating that the survival action survives for only one year from death under La. C.C. art. 2815.1 and that appellants failed to timely file the survival action. The [ 2trial court followed Courtland v. Century Indemnity Co., 2000-333 (La.App. 5th Cir.10/18/00), 772 So.2d 797, unit denied, 2000-3156 (La.2/9/01), 785 So.2d 822, in rejecting the argument that a suit filed in Texas precluded application of the one year period in La. C.C. art. 2315.1. This appeal followed.
DISCUSSION
The exception of no cause of action questions whether the law extends a remedy against the defendant under the facts alleged in the petition. Industrial Companies, Inc. v. Durbin, 2002-0665 (La.1/28/03), 837 So.2d 1207; Grocery Supply Co. v. Winterton Food Stores, 31,114 (La.App.2d Cir.12/9/98), 722 So.2d 94, rehearing denied. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. Rather, the exception is triable on the face of the petition with the well-pleaded facts accepted as true. Industrial Companies, Inc. v. Durbin, supra. A judgment granting an exception of no cause of action is reviewed de novo, be *344 cause the exception raises a question of law, and the lower court’s decision was based only on the sufficiency of the petition. Haulcy v. Saint Gobain Containers, 39,405 (La.App.2d Cir.3/9/05), 895 So.2d 803. Generally, the exception of no cause of action is the correct procedural device for raising the issue of peremption. Coffey v. Block, 99-1221 (La.App. 1st Cir.6/23/00), 762 So.2d 1181, writ denied, 2000-2226 (La.10/27/00), 772 So.2d 651.
Appellants argue that the time period of La. C.C. Art. 2315.1 is prescriptive rather than peremptive and that an out-of-state case against [ ssolidar.y obligors interrupted prescription on the survival action in Louisiana. However, the record fails to establish that the deceased, Mr. Britton, filed suit in Texas prior to his death. As stated, the exception of no cause of action is triable on the face of the petition. Moreover, facts referred to solely by counsel, whether in arguments or briefs, are not considered evidence in the record. Thomas v. Connolly, 31,447 (La.App.2d Cir.1/20/99), 726 So.2d 1052. In Industrial Companies, Inc. v. Durbin, supra, the supreme court noted that argument in memorandum could not form the basis for granting an exception of no cause of action. Likewise, argument or assertions of counsel should not form the basis for denying the exception when the petition fails to state a cause of action.
At the hearing on the exception, counsel for appellants asserted that the petition stated that Mr. Britton filed a lawsuit in Texas prior to his death and that the suit was attached to the petition. The record does not support either assertion. The petition adding the survival action does not refer to any previously filed suit by the deceased in Texas. Nor does the petition include any attachment pertaining to Texas litigation. Furthermore, there was no stipulation by the parties as to the existence of a suit filed in Texas, and no offer by counsel to introduce evidence of such a suit. In fact, the record shows no response by appellants in opposition to the exception other than argument of counsel at the hearing. As stated, review of the exception of no cause of action is limited to the petition and does not include consideration of arguments or assertions by counsel. The petition does not support a cause of action in favor of appellants. Even if appellants were allowed to |4amend their petition as permitted by La. C.C.P. art. 934 to allege the existence of the Texas suit, the petition would still fail to state a cause of action under La. C.C. art. 2315.1, as explained hereafter.
With regard to survival actions, La. C.C. art. 2315.1 states in relevant part:
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased....
The one-year limitation period applicable to survival actions has been held to be peremptive rather than prescriptive. Jones v. Philco-Ford Corp., 452 So.2d 370 (La.App. 1st Cir.1984), units denied, 457 So.2d 1193 (La.1984) and 457 So.2d 1198 (La.1984); and McClendon v. State, 357 So.2d 1218 (La.App. 1st Cir.1978). In Guidry v. Theriot, 377 So.2d 319 (La.1979), repudiated on other grounds by Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983), the supreme court addressed the one-year limitation provided for survival actions. The court explained that where the victim dies without having instituted a claim, the beneficiary must institute the survival action within one year from the death. If the victim instituted an action for damages and dies during the pendency of his claim, the beneficiaries may substitute themselves for the deceased in the pending action; the prescriptive period of the survival action *345 no longer applies, rather the nonabatement and substitution provisions of La. C.C.P. arts. 428, 561, and 801 are controlling. Guidry, supra at 824-325.
In Courtland v. Century Indemn. Co., supra, the fifth circuit dismissed the survival action of plaintiffs filed more than one year from the |,.¡death of the deceased, who had previously filed suit in Texas for damages from work-related silicosis. Referring to Guidry, supra, the court concluded that the Texas suit was not an “instituted action” into which the plaintiffs could substitute themselves in the deceased victim’s place. Because the tort victim had not filed an action in Louisiana prior to his death and because the plaintiffs had failed to institute their own action within one year of the victim’s death, their suit was untimely under La. C.C. art. 2315.1. Courtland, supra, is analogous to the instant case and precludes finding in favor of appellants. Mr. Britton had not filed an action in Louisiana prior to his death, so there was no instituted action into which his children could substitute themselves. Also, his children failed to file their own action within the one year limitation period of La. C.C. art. 2315.1.
Review of the petition shows that the survival action was instituted on July 6, 1999, over three years from the date of Mr. Britton’s death, March 19, 1996, and well over the one-year peremptive time period allowed by La. C.C. art. 2315.1. Therefore, we find that the exception was properly granted.
CONCLUSION
For the reasons stated, the trial court’s judgment is affirmed with costs assessed to appellants.
AFFIRMED.