JAMES F. McKAY III, Judge.
|7The plaintiffs, Olivia Bailey, on behalf of the deceased, William Brown, et al., appeal the trial court’s maintaining of an exception of no cause of action for punitive damages in a wrongful death claim filed by the defendants, Exxon Mobil Corporation, et al. We affirm.
FACTS AND PROCEDURAL HISTORY
On December 20, 2002, over 700 named plaintiffs filed suit in Warren Lester, et al. v. Exxon Mobil Corp., et al., No. 2002-19657, in Civil District Court for Orleans Parish. The plaintiffs alleged that either they or their decedents were exposed to naturally occurring radioactive material (NORM) at over 600 pipeyards throughout Louisiana, six other states, and overseas. The plaintiffs also alleged entitlement to punitive damages under former Louisiana Civil Code Article 2315.3.[1] The trial court ordered the cases be tried in various flights. As one of these flights progressed to trial, certain defendants filed a motion in limine to exclude evidence of damages attributable to the deaths of persons alleged to haveJabeen exposed to NORM based on the fact that no wrongful death claim had been pleaded either in the original or in any of the numerous supplemental and amending petitions filed.
Thereafter, the plaintiffs filed two nearly identical petitions, both styled Olivia Bailey, et al. v. Exxon Mobil Corp., et al. One was filed in the 24th Judicial District Court, Jefferson Parish; the other was filed in Civil District Court, Orleans Parish and is the case currently before this Court. The plaintiffs then pursued their wrongful death claims in the Bailey actions and their survival claims in the Lester action. In the instant case, the defendants filed numerous exceptions, including peremptory exceptions of no cause of action for punitive damages for plaintiffs’ wrongful death claims based on this Court’s holding in Bulat v. Intracoastal Tubular Services, Inc., 2004-1376 (La.App. 4 Cir. 11/3/04), 888 So.2d 1017. The trial court sustained the defendants’ exceptions of no cause of action for punitive damages in a wrongful death case. In its written judgment, the trial court designated this judgment as final under Louisiana Code of Civil Procedure Article 1915(B).[2] It is from this judgment that plaintiffs now appeal. DISCUSSION
In their sole assignment of error, the plaintiffs contend that the district court erred in granting defendants-appellants’ exceptions of no cause of action for punitive damages in a wrongful death claim. Therefore, the issue before this Court pis the purely legal question of whether the plaintiffs’ claims for punitive damages in a wrongful death action are precluded by Bulot.[3]
*55 In Bulot, the widow and children of a deceased employee brought survival and wrongful death actions against his employer. They alleged that the deceased’s cancer was the result of occupational exposure to radioactive waste while cleaning oilfield pipes. Id. The trial court granted the employer’s motion for summary judgment on the punitive damages claims. His widow and children then appealed. This Court held that there were genuine issues of material fact which precluded summary judgment on the punitive damages claim in the survival action. Id. at 1021. This Court also held that punitive damages could not be recovered by way of a wrongful death action. Id. at 1023.
Therefore, the plaintiffs in the instant case are precluded from recovering damages in a wrongful death action. Accordingly, we find no error in the trial court’s maintaining of the defendants’ exception of no cause of action.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s judgment.
AFFIRMED

. Former La. C.C. art. 2315.3, effective September 3, 1984 and repealed April 16, 1996, provided for punitive damages "if it [were] proved that plaintiff’s injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.”

. Although the defendants objected to the trial court’s designation of its ruling on the exception of no cause of action as a final judgment, we will address the issue of whether punitive damages can be awarded in a wrongful death action on the merits.

.Further developments in both the court below as well as in the 24th Judicial District Court occurred after the trial court’s ruling on the exception of no cause of action. The developments pertain to issues of prescription and res judicata. These issues are not dealt with in the judgment on appeal currently be *55 fore this Court and will not be discussed in this opinion.