PAUL A. BONIN, Judge.
[,We granted a writ of certiorari to consider Patricia Watkins’ challenges to the correctness of the trial court’s granting of the oil company defendants’[1] peremptory exceptions of peremption and of no cause of action. The defendants argued and the trial court found that Ms. Watkins’ survival action was extinguished because it was perempted and that she has no cause of action for exemplary damages in connection with either her wrongful death or her survival action claims. After a de novo review of the legal issues presented, we conclude that the one-year period to bring a survival action under La. Civil Code art. 2315.1 is a prescriptive period and not a peremptive period.
After our de novo review of the ruling on the no cause of action respecting exemplary damages, we conclude that with respect to Ms. Watkins’ claim for such damages arising in connection with her wrongful death claim the trial ruling is correct, but that with respect to her claim in connection with her survival action, |2she should be permitted to amend her petition under La. C.C.P. art. 984 to state a cause of action.
Accordingly, we vacate that portion of the judgment[2] which sustained the exception of peremption on her survival action claim, we amend the portion of the judgment [3] sustaining the exception of no cause of action respecting the survival action to permit Ms. Watkins on remand to amend her petition, and, as amended, affirm the portion of the judgment sustaining the exception of no cause of action. We remand the matter with an instruction to the trial court. We explain our decision in greater detail in the following Parts.
I
James Hicks, the father of Ms. Watkins, died on December 27, 1986. On June 17, 2011, she filed a survival action under La. Civil Code art. 2315.1 and a wrongful death action under La. Civil Code art. 2315.2. She also demanded exemplary damages under former La. Civil Code art. *551 2315.3[4] in connection with her claims which are based on Mr. Hicks’ alleged exposure to naturally occurring |¡¡radioactive material (NORM)[5] while he was cleaning scale out of pipes used in the production of oil.
In response to Ms. Watkins’ petition, the oil company defendants filed, among other exceptions, a peremptory exception of per-emption against Ms. Watkins’ survival action and a peremptory exception of no cause of action against her claim for exemplary damages. As already noted, the trial court granted both exceptions.
II
In this Part we explain why the one-year period for bringing a survival action is prescriptive and not peremptive.
A
The right to recover for an injury to a person caused by an offense or quasi-offense who dies “shall survive for a period of one year from the death of the deceased.” La. Civil Code art. 2315.1 A. Ms. Watkins acknowledges that her lawsuit was not filed within the one-year period, but asserts that her suit is nonetheless timely despite the expiration of more than one year from the death of her father until her suit was filed by application of the principle contra non valentem. The oil company defendants, however, argue that the principle cannot be applied because the one-year period is peremptive. See State Through Div. of Admin, v. McInnis Bros. Const., 97-0742, p. 3 (La.10/21/97), 701 So.2d 937, 939 |4(“One type of suspension which may apply to a prescriptive period but which, by its very nature, does not apply to a peremptive period, is the doctrine of contra non valentem agere nulla currit praescriptio.”).
Ms. Watkins replies that although jurisprudence predating the 1986 amendment to the Civil Code did hold that the delay for bringing a survival action is peremp-tive, the 1986 amendment adding Article 2315.1[6] classifies the delay for bringing an action as a “prescriptive period” and that the change in the Article expresses the legislature’s intent to change the delay from a peremptive to a prescriptive period. The specific language in the 1986 amend *552 ment relied upon by Ms. Watkins is currently found in La. Civil Code art. 2315.1 C: “The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.” (emphasis added)
B
“Peremption is a period of time fixed by law for the existence of a right.” La. Civil Code art. 3458. “Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.” Id. The most notable, and here disposi-tive, difference between prescription and peremption is that “liberative prescription merely prevents the enforcement of a right by action, it does not terminate the natural obligation; peremption, however, destroys or extinguishes the right itself.” Borel v. Young, 07-0419, p. 9 (La.11/27/07), 989 So.2d 42, 49.
| -Peremption is a construct of Louisiana jurisprudence that did not appear in the Civil Code until January 1, 1983, when it was added as La. Civil Code art. 3458 by Acts 1982, No. 187, § 1. See Needom v. Robein, 08-0318, p. 10 (La.App. 4 Cir. 2/18/09), 7 So.3d 30, 36. But the addition of Article 3458 did not change pre-existing law; it did, however, codify the existing jurisprudence. See La. Civil Code art. 3458 cmt. (a). The jurisprudential standard can be found in cases dating back to Guillory v. Avoyelles Ry. Co., 104 La. 11, 15, 28 So. 899, 901 (1900):
When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost.
Thus, as a general proposition, solely under a Guillory analysis, when the codal article by which the right of action is created also stipulates the delay within which the right is to be exercised is fixed, the delay would be peremptive and not prescriptive.
Notably, survival and wrongful death actions are “special legislation providing for the survival of a right of action in favor of named classes of survivors and also creating a cause of action in favor of those same classes of persons for wrongful death.” Levy v. State Through Charity Hosp. of Louisiana at New Orleans Bd. of Adm'rs, 253 La. 73, 77, 216 So.2d 818, 819 (La.1968). “That these rights are wholly the creatures of the Legislature is recognized historically and jurisprudentially.” Id. Because the right would not exist absent the legislation, Article 2315.1 creates a right of action. Article 2315.1 also stipulates that the right is to be exercised in one year.
| fiBut Guillory does not set forth the complete analysis. See Pounds v. Schori, 377 So.2d 1195, 1199-1200 (La.1979) (“We agree that each case of this nature should be considered on its merits, bearing in mind that the main consideration is the purpose sought to be achieved by the particular limitation period involved”); see also Guidry v. Theriot, 377 So.2d 319, 325 (La.1979)[7] (stating that in Pounds the supreme court “held that per- *553 emption, as differentiated from prescription, is a matter to be determined by legislative intent revealed by the statute in its entirety, including the purpose sought to be achieved.”). In determining whether the fixed period is prescriptive or peremp-tive, additional inquiries should be made: first, whether the statute designates itself as prescriptive or peremptive and, second, whether the statute’s purpose as a whole would be fulfilled by interpreting it as prescriptive or peremptive. See McInnis Bros. Const., 97-0742, pp. 5-7, 701 So.2d at 941-942; see also Guidry v. Theriot, 377 So.2d at 325.
Because the Civil Code in many situations remains silent as to whether a particular time limitation is prescriptive or peremptive, in order to determine whether a limitation is prescriptive or peremp-tive the courts necessarily “resort[ ] to an exploration of the legislative intent and public policy underlying a particular time limitation, for it is primarily whether the Legislature intended a particular time period to be prescriptive or peremptive that is the deciding factor.” Borel, 07-0419, p. 9, 989 So.2d at 49. “Thus, courts look to the language of the statute, the purpose behind the statute, and the public policy mitigating for or against suspension, interruption or renunciation of that time limit.” Id. And, most 17importantIy for our purposes here, “[w]hat a legislature says in the text of a statute is considered the best evidence of the legislative intent or will.” Id.
C
Thus, we find that the explicit language in Article 2315.1 C,[8] describing the delay as a “prescriptive period,” is the “best evidence” that the legislature intends what it says in the codal article itself. We find support in the view of Professor William Crawford. He observed that “[i]t has been a long-running question as to whether the one-year period for survival provided in C.C. art. 2315.1 is a period of prescription or one of peremption.” Crawford, 12 La. Civ. L. Treatise, Tort Law § 5:9 (2d ed.). He then instructs that “[t]hat question should be considered settled by the enactment of the 1986 version of C.C. art. 2315.1(C), which explicitly refers to the one-year period of survival as a ‘prescriptive period.’ ” Id.
The characterization by the legislature that the period fixed in Article 2315.1 is prescriptive is “clear, unambiguous, and leads to no absurd consequences.” La. Civil Code art. 9. Under such circumstances we are to apply it “as written” and may search no further for the legislature’s intent. See id.; see also Arabie v. CITGO Petroleum Corp., 10-2605, p. 5 (La.3/13/12), 89 So.3d 307, 312.
Ill
We now address with specificity the decisions upon which the oil company defendants based their contention that the one-year limitation for a survival action is per-emptive and explain why we find that the these decisions do not control the determination of the proper classification of the limitation period.
I ¡A
We acknowledge that of primary importance to the defendants’ position (and to the district judge’s decision) is our 1966 holding in Succession of Roux where we *554 found that the limitation period for bringing survival and wrongful death actions is peremptive. See Succession of Roux v. Guidry, 182 So.2d 109, 110 (La.App. 4th Cir.1966) (“We are firmly of the opinion that it is one of peremption.”).
We note in passing that our holding in Succession of Roux relied upon the first circuit’s holding in Miller v. American Mut. Liability Ins. Co., 42 So.2d 328, 330 (La.App. 1st Cir.1949), the reasoning of which was subsequently repudiated by the supreme court’s decision in Guidry v. Theriot, supra.[9] More importantly, however, the supreme court in Guidry v. Ther-iot decided that the one-year limitation period for a wrongful death action is prescriptive and thus by implication overruled the conclusion set forth in Succession of Roux. See Guidry v. Theriot, 377 So.2d at 325. Succession of Roux did not involve a survival action, but was restricted to a wrongful death action. Succession of Roux, 182 So.2d at 111.
We also find unpersuasive the defendants’ argument that Guidry v. Theriot, which in any event pre-dates the 1986 amendment which described the limitation period as prescriptive, holds that survival actions are subject to peremption. Guidry v. Theriot emphasized the separateness and distinctiveness between a survival action and a wrongful death action and concluded that the filing of one faction will not interrupt the running of prescription of the other. Id., 377 So.2d at 326. But Guidry v. Theriot at no point explicitly decides that the limitation period for a survival action is peremptive; the closest Guidry v. Theriot actually comes to announcing such a result is its stating that “[w]e deem it reasonable that the legislature would be concerned about the interval during which a potential defendant might be vulnerable to a survival action and therefore foreclosed the issue by providing an express limitation.” Id., 377 So.2d at 326. The Guidry v. Theriot court was careful not to rule directly on the statute’s being prescriptive or peremptive because such a determination was not necessary for the holding of the case. While deeming it reasonable for a later court to interpret the delay as a peremptive period, the court limited its holding to survival actions in which the decedent has already instituted suit during his lifetime. See Guidry v. Theriot, 377 So.2d at 325.
B
We are not unmindful that the first circuit holds that the one-year limitation in a survival action is peremptive and not prescriptive. See Barber v. Employers Ins. Co. of Wausau, 11-0357, p. 18 (La.App. 1 Cir. 6/28/12), 97 So.3d 454, 469 (holding, “we conclude that the survival actions are perempted”). And we are aware that both the second and fifth circuits have described the limitation period as peremptive in decisions in which we find such description to have been unnecessary to the outcomes. See Adams v. Asbestos Corp., 41,-028 (La.App. 2 Cir. 5/17/06), 930 So.2d 342, and Courtland v. Century Indem. Co., 00-333 (La.App. 5 Cir. 10/18/00), 772 So.2d *555 797. These three decisions, however, make no mention of the 1986 amendment to the Civil Code adding Article 2315.1 C and Iminstead rely on the 1979 decision Guidry v. Theriot, supra, interpreting Civil Code art. 2315 as it existed then.
The fifth circuit in Courtland referred to the delay in Article 2315.1 as peremptive; however, such reference was in passing, no authority was cited for such a position, and, from the facts as stated, it appears that the parties conceded that the delay was peremptive. The defendants argued that the claim was perempted, and the plaintiffs argued that the peremptive period did not apply. See Courtland, 00-333, pp. 5-6, 772 So.2d at 799. In Courtland, a sandblaster was diagnosed with silicosis; he filed suit in Texas; and, while his suit was pending in Texas in 1997, he died. Id., 00-333 p. 4, 772 So.2d at 798. Mr. Courtland’s widow and three children filed suit in Louisiana in 1999, citing Guidry v. Theriot, supra, and arguing that their suit was a continuation of Mr. Courtland’s original action and that the one-year period provided by Article 2315.1 was inapplicable to suits in which the tort victim instituted an action during his lifetime. Id., 00-333 pp. 4-6, 772 So.2d at 798-799. The fifth circuit reviewed the supreme court’s reasoning in Guidry v. Theriot that the 1960 enactment of the Code of Civil Procedure and the simultaneous amendment to Civil Code art. 2315 expressed a legislative intent to make tort actions no longer abate at the death of the victim when the action was instituted during the lifetime of the victim. Id., 00-333 pp. 7-8, 772 So.2d at 799-800. The court held that when a tort victim has not instituted an action in Louisiana into which his survivors can be substituted, the survivors’ action is governed by Article 2315.1, as opposed to the provisions on abandonment. Id., 00-333 pp. 8-9, 772 So.2d at 800. No mention was made of the 1986 amendment to Civil Code art. 2315.1 describing the delay as “prescriptive.”
Inin Adams, the plaintiffs’ claims had been dismissed with prejudice for failing to state a cause of action. Adams, 41,028 p. 1, 930 So.2d at 343. The appellants argued that the delay in Article 2315.1 is prescriptive rather than peremptive and that the tort victim’s filing suit in Texas served to interrupt prescription; however, the record failed to establish that the tort victim had actually filed suit in Texas. Id., 41,028 pp. 2-3, 930 So.2d at 344. The second circuit found that “[t]he one year limitation period applicable to survival actions has been held to be peremptive rather than prescriptive. Jones v. Philco-Ford Corp., 452 So.2d 370 (La.App. 1st Cir.1984), writs denied, 457 So.2d 1193 (La.1984) and 457 So.2d 1198 (La.1984); and McClendon v. State, 357 So.2d 1218 (La.App. 1st Cir.1978).” This quote is the extent of the court’s analysis, and, notably, all authority cited for the position that the delay is peremptive pre-dates the 1986 amendment adding Article 2315.1.
In Barber, the appeal dealt with the wrongful death and survival actions filed on behalf of ten deceased former employees, whose injuries were caused by exposure to toxic materials. Barber, 11-0357 p. 2, 97 So.3d at 458. There, the first circuit found that “[t]he one-year limitation period applicable to survival actions has been held to be peremptive, rather than prescriptive” and cited as authority for its position Adams, supra; Courtland, supra; Jones, supra; and McClendon, supra. Id., 11-0357 pp. 7-8, 97 So.3d at 462. As explained ante, none of the cases cited acknowledges that Article 2315.1 was amended in 1986, and Jones and McClen-don even pre-date the amendment.
The first circuit in Barber, unlike the Adams and Courtland decisions, acknowl *556 edged that the article was amended in 1986; however, it failed to mention the plainly relevant language in Article 2315.1 C, instead finding that “the Impertinent time-limit language remained the same” and relying on the statutory interpretation found in Guidry v. Theriot interpreting Article 2315 as it existed in 1979. Id., 11-0357 p. 8, 97 So.3d at 462.
C
In our final analysis, however, we conclude that Guidry v. Theriot could not control the outcome today because of the intervening 1986 amendment to the Civil Code which explicitly describes the one-year limitation period for a survival action as prescriptive.[10] “A long line of jurisprudence holds that those who enact statutory provisions are presumed to act deliberately and with full knowledge of existing laws on the same subject, with awareness of court cases and well-established principles of statutory construction, with knowledge of the effect of their acts and a purpose in view.” Borel, 07-0419, p. 7, 989 So.2d at 48. And that, Borel importantly continues, “when the Legislature changes the wording of a statute, it is presumed to have intended a change in the law.” Id., 07-0419, pp. 7-8, 989 So.2d at 48. As a result of and since the 1986 amendment, the limitation period for a survival action definitively accords with the limitation period for a wrongful death action, both being prescriptive periods.
_hsiv
We next turn our attention to Ms. Watkins’ assertion that her claims for exemplary damages in connection with both her survival and wrongful death claims were wrongly denied. The precise objection made by the defendants and sustained by the trial court was that of no cause of action. See La. C.C.P. art. 927 A(5). See Anderson v. Avondale Industries, Inc., 00-2799 (La.10/16/01), 798 So.2d 93.
With respect to her claim for exemplary damages in connection with her wrongful death claim, the law for us is settled that such damages are foreclosed to her. We have held that exemplary damages could not be awarded in conjunction with a wrongful death action because a wrongful death action compensates a survivor for injuries suffered by the survivor who was not exposed to the toxic materials. See Bulot v. Intracoastal Tubular Services, Inc., 04-1376, p. 6, 888 So.2d 1017, 1021 (La.App. 4 Cir.2004); see also Bailey v. Exxon Mobil Corp., 11-0177, p. 3 (La.App. 4 Cir. 8/31/11), 76 So.3d 53, 55.
With respect to her claim for exemplary damages in connection with her survival claim, we are satisfied that the factual allegations of her petition do not currently support a cause of action. But, unlike exemplary damages on the wrongful death claim, such damages are not per se foreclosed to her. With respect whether Ms. Watkins has a right to demand exemplary damages in connection with her survival *557 action, we find that Bulot controls here. See Bulot, 04-1376, p. 8, 888 So.2d at 1021.
Because of the limited time period in which former Article 2315.3 was in effect, in order for a plaintiff to state a cause of action under the article, the plaintiff must plead facts sufficient to show that her decedent’s exposures to radioactive material on the job site between September 4, 1984 (the Article’s | Meffective date) and the date of his death resulted in his developing a disease such as cancer. See Bulot, 04-1376, p. 5, 888 So.2d at 1021.
REMAND INSTRUCTION
We remand this matter to the trial court with the following instruction:
The plaintiff shall be permitted to amend her petition under La. C.C.P. art. 934 within thirty days of the finality of this judgment in order to remove the grounds for the objection and thereby state a cause of action for exemplary damages related to her survival action under former La. Civil Code art. 2315.3.
DECREE
The portion of the February 17, 2012 trial court judgment under review which sustained the oil company defendants’ exception of no cause of action with respect to exemplary damages is amended in part to permit the plaintiff to amend her petition to remove the objection within thirty days of the date of the finality of this judgment, and, as amended, we affirm.
The judgment of February 29, 2012, which sustained the oil company defendants’ exception of peremption, is vacated.
We remand to the trial court for further proceedings in accord with our instructions.
JUDGMENT OF FEBRUARY 17, 2012 AMENDED IN PART AND, AS AMENDED, AFFIRMED AND REMANDED; JUDGMENT OF FEBRUARY 29, 2012 VACATED AND REMANDED
TOBIAS, J., concurs and assigns reasons.

. The exceptions were filed by Exxon Mobil Corporation, Exxon Mobil Oil Corporation, Humble, Inc., Chevron U.S.A., Inc., Shell Oil Company, Marathon Oil Company, OXY U.S.A., Inc., and BP America Production Company.

. This is the judgment dated February 29, 2012.

. This judgment was rendered on February 17, 2012 and disposed of numerous other matters as well, for none of which any party has sought review. We note, parenthetically, Ms. Watkins filed an appeal from that judgment in proceedings before us numbered 2012-CA-0918. On August 2, 2012, on the oil company defendants' motion, we dismissed that appeal "[bjecause the judgment from which an appeal is sought is an interlocutory judgment which has not been designated as final, see La. C.C.P. art. 1915 B( 1) and Favrot v. Favrot, 10-0986 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1103.” We, however, retained the record on appeal in connection with the issuance of the writ of certiorari.

. Former La. Civil Code art. 2315.3 provided: "In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant’s wanton or reckless disregard for public safety in tire storage, handling, or transportation of hazardous or toxic substances. As used in this Article, the term hazardous or toxic substances shall not include electricity.” This Article was in effect from September 4, 1984 until April 16, 1996. See Anderson v. Avondale Industries, Inc., 00-2799, p. 3 (La. 10/16/01), 798 So.2d 93, 96.

. For more extensive information about NORM or TENORM (technologically enhanced naturally occurring radioactive materials), see, generally, James R. Cox, Naturally Occurring Radioactive Materials in the Oil Field: Changing the NORM, 67 Tul. L.R. 1197 (1993); Grefer v. Alpha Technical, 02-1237 (La.App. 4 Cir. 8/8/07), 965 So.2d 511. Although the human senses cannot detect its presence, prolonged exposure to TENORM drastically increases the chances of developing certain diseases such as cancer and has devastating effects on plant and animal life. Cleaning TENORM is both expensive and dangerous. One source of TENORM is the mud that collects against the inside of pipes used for extracting oil and natural gas. When these pipes are cleaned, the mud can contaminate the land it falls onto.

.The current version of La. Civil Code art. 2315.1 was enacted as Article 2315.3 and then redesignated as Article 2315.1 in 1986. See Historical and Statutory Notes under La. Civil Code art. 2315.1 (West 2010). The exemplary damages provision quoted in footnote 4, ante, was enacted as Article 2315.1 and re-designated in 1986 as Article 2315.3. See id.

. For the sake of completeness but so as to not distract from the discussion we point out that Guidry v. Theriot was expressly repudiated on other grounds by Louviere v. Shell Oil Co., 440 So.2d 93, 97 (La. 1983) with respect to language regarding the interpretation of a prescriptive period for a wrongful death action.

. Notably, when 1986 Acts No. 211 emerged from the legislature (and was initially designated as Article 2315.3) there were no identifiable paragraph subsections such as A, B, or C. These designations were added by the Louisiana State Law Institute under its statutory revisions authority.

. The case was resolved on abandonment grounds, not on whether the statute called for prescription or peremption. The facts of Miller are substantially similar to the facts in Guidry v. Theriot: in each case, the victim of a tort who filed suit, died before the suit was resolved, and the tort victim’s survivors waited more than one year before continuing the decedent’s suit. Miller held that the new plaintiffs' attempt to substitute themselves as plaintiffs, less than three years after the death of the decedent, was perempted. See Miller, 42 So.2d at 331. Guidry v. Theriot, however, held that the substituted plaintiffs in a suit brought by the decedent were entitled to the abandonment period found in La. C.C.P. art. 561 within which to take a step in the prosecution of the suit. 377 So.2d at 324.

. We note that it is not necessary for us to decide definitively whether the pre-amendment time limitation on a survival action was peremptive in order to reach the result in this matter. Ms. Watkins’ survival action only came into being on the date of her father's death which occurred post-amendment. Of course, if Mr. Hicks' right to recover damages for the offense or quasi-offense under La. Civil Code art. 2315 had already prescribed by the time of his death, then Ms. Watkins has no survival action to enforce. See Taylor v. Giddens, 618 So.2d 834, 842 (La. 1993); see also In re Brewer, 05-0666, p. 5 (La.App. 1 Cir. 5/5/06), 934 So.2d 823, 827. And there can be no question that that the one-year limitation on Mr. Hicks’ action to recover damages under La. Civil Code art. 2315 is a prescriptive and not a peremptive period. See La. Civil Code art. 3492.